**In the Matter of PENN CENTRAL TRANSPORTATION COM-PANY, Debtors.**

**Petition of SUPER ELECTRIC CON-STRUCTION COMPANY.**

**No. 70–347.**

United States District Court,
E. D. Pennsylvania.
April 24, 1973.

Richard A. Walkovets, Carl Helmetag, Jr., Philadelphia, Pa., for Penn Central Transportation Co.

Abraham & Loewenstein, by Leonard B. Rosenthal, Philadelphia, Pa., for Super Electric.

------

## MEMORANDUM AND ORDER NO. 1198

FULLAM, District Judge.

Petitioner, Super Electric Construction Company, submitted to the Debtor a proposal dated August 28, 1969, "to furnish labor and material for the electrical work, as directed, at the 12th Street, Lumber Street, and 63rd Englewood locations." The proposal specified certain hourly rates for various kinds of labor, and for the rental of specified types of equipment, and provided for billings for materials at cost plus 20 percent. This proposal was duly accepted and, in 1970, slightly modified to reflect different hourly rates. Pursuant to the resulting arrangement, petitioner has been furnishing electrical services at these locations ever since.

On June 21, 1970, when the Debtor's reorganization petition was filed, there was a balance due and owing the petitioner in the sum of $52,402.85, for services rendered before that date. All services rendered since bankruptcy have been paid for.

Totally ignoring the implications of the Debtor's bankruptcy, and the restrictions imposed by Order No. 1 in these proceedings, the petitioner proceeded, in September of 1970, to file a mechanics lien against certain property of the Debtor, in Chicago, Illinois; and, on April 2, 1971, proceeded to attempt to foreclose its lien. In these proceedings, the Debtor was erroneously designated

as "Penn Central Company," rather than "Penn Central Transportation Company." On September 28, 1972, pursuant to a stipulation in the state proceedings, the erroneous designation was corrected, and petitioner was permitted to amend its complaint in order to name the Trustees as parties. The petitioner also filed a proof of claim in these reorganization proceedings.

The present petition seeks an order directing the Trustees to pay the petitioner the sum of $52,402.85, or granting permission to the petitioner to foreclose its mechanics lien.

■ A memorandum filed by Chicago counsel for the petitioner seeks to justify this rather remarkable request on the theory that any other result would interfere with rights granted the petitioner under the mechanics lien laws of the State of Illinois. At this late date in the development of the law of bankruptcy, extended discussion of this argument should not be necessary. To accept it would be to repeal the Bankruptcy Act.

In a supplemental memorandum, local counsel for the petitioner have advanced an argument which, under other circumstances, might have merit. The contention is that the arrangement between the petitioner and the Debtor was a unitary contract; that the Trustees' acceptance of and payment for work done since bankruptcy amounted to affirmance of an executory contract; and that the Trustees' affirmance of the executory contract imposes upon them the obligation to pay the entire sum due under the contract, as an expense of administration.

If the factual premise were sound, it would be necessary for the Court to determine whether a contract which is partly performed and partly executory may be affirmed after bankruptcy, without rendering the full contract price an expense of administration. Stated otherwise, the issue would be whether Trustees may affirm the executory portion of a contract, without incurring, as an administration expense, the obligation of paying in full for the portion of the contract which was executed before bankruptcy.

■ But I find it unnecessary to decide this issue in the present case. The contractual arrangement between the parties did not specify any particular amount of work to be performed, nor was there a specified contract term. Rather, what was arrived at was plainly an open-ended arrangement whereby, from time to time, the petitioner would perform electrical construction services as directed by the Debtor, and would be paid at the rates specified. So far as the record discloses, the arrangement could have been terminated by either party at any time; at least, it seems clear that the railroad was under no obligation except to pay the petitioner for such electrical work as it directed the petitioner to perform. Under these circumstances, the fact that the Trustees, after bankruptcy, have ordered and paid for additional electrical construction services cannot be regarded as adoption of the Debtor's pre-bankruptcy liability.

Accordingly, the petition will be denied in all respects, and the petitioner will be precluded from further pressing its state litigation.